UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD CARTER,<br><br>                Plaintiff,<br><br>                v.<br><br>RICHARD IVES, et al.,<br><br>                Defendant(s). | Case No. EDCV 16-1430-JGB (KK)<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |

## I.

## **INTRODUCTION**

On June 20, 2016, Plaintiff Gerald Carter ("Plaintiff"), proceeding pro se and in forma pauperis, constructively filed[1] a Complaint ("Complaint"). Plaintiff appears to be suing defendants Richard Ives, P.A. Wolverton, Dr. Allen, Simpson, Juan D. Castillo, and Ian Connors ("Defendants") pursuant to Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971) for deliberate indifference to his serious medical

---

[1] Under the "mailbox rule," when a pro se prisoner gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010) (citation omitted). Here, Plaintiff signed the Complaint on June 20, 2016. ECF Docket No. ("Dkt.") 1, Compl. Thus, the Court deems June 20, 2016 the filing date.

needs in violation of the Eighth Amendment. As discussed below, the Court dismisses the Complaint with leave to amend for failure to state a claim.

## II.
## ALLEGATIONS IN COMPLAINT

Plaintiff, who is in the custody of the Federal Bureau of Prisons ("BOP") at United States Penitentiary Victorville ("USP Victorville"), alleges prison officials at USP Victorville have failed to treat him for HIV despite his belief he is HIV positive. Dkt. 1, Compl. Plaintiff alleges the following facts regarding the six defendants named in the Complaint:

Defendant Richard Ives ("Ives") is the warden of USP Victorville. Id. at 1. Plaintiff alleges Ives told Plaintiff that "[Plaintiff] was HIV negative." Id. Plaintiff claims Ives "lied to [Plaintiff] about the test results" and "never went to the medical department to find out the truth." Id. Plaintiff alleges "[i]t's been 4 years since [he] knew about this HIV issue," yet Plaintiff never received treatment. Id.

Defendant P.A. Wolverton ("Wolverton") is employed by the BOP as a physician's assistant and was assigned to treat Plaintiff. Id. at 2. Plaintiff claims "Wolverton was the first person [he] took this issue to." Id. Additionally, Plaintiff states he "told her [he] had [a] young son and his mom is HIV positive." Id. Nevertheless, Plaintiff claims Wolverton "told [him his] test result was negative" and that his "fingernails being black is just fungus." Id.

Defendant Dr. Allen ("Allen") is employed by the BOP as a medical supervisor. Id. at 3. Plaintiff alleges Allen "did nothing when [he] was filing [his informal complaint] about the HIV issue." Id. Instead, Allen "re-sent the paperwork to another employee." Id.

Defendant Simpson is employed by the BOP and is responsible for the medical treatment of inmates. Id. at 4. Regarding Simpson's involvement, Plaintiff's sole allegation states, "[Simpson] said [Plaintiff's] concerns have previously been addressed on 12/9/13." Id.

2

Defendant Juan D. Castillo ("Castillo") is the Regional Director for the BOP. Id. at 5. Plaintiff claims "Castillo said [Plaintiff's] fingernails condition cannot be related to HIV." Id. Additionally, Plaintiff claims Castillo "said [Plaintiff's] condition is continuously monitored in a manner consistent with Bureau of Prisons policy and [Plaintiff is] receiving appropriate and timely care and treatment consistent with community standards for [Plaintiff's] medical conditions." Id.

Defendant Ian Connors' ("Connors") employee status is unclear from the Complaint. However, with respect to Connors' involvement, Plaintiff simply alleges, "Connors said we concur with … the warden and the regional director[.] [W]e find no evidence to support your allegation staff have withheld information from you with regard to your HIV test result." Id. at 6.

## III.
## STANDARD OF REVIEW

As Plaintiff is proceeding in forma pauperis, the Court must screen the Complaint and is required to dismiss the case at any time if it concludes the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); see Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).

In determining whether a complaint fails to state a claim for screening purposes, the Court applies the same pleading standard from Rule 8 of the Federal Rules of Civil Procedure ("Rule 8") as it would when evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). See Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012). Under Rule 8(a), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

///

A complaint may be dismissed for failure to state a claim "where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." <u>Zamani v. Carnes</u>, 491 F.3d 990, 996 (9th Cir. 2007) (citation and internal quotation marks omitted).  In considering whether a complaint states a claim, a court must accept as true all of the material factual allegations in it.  <u>Hamilton v. Brown</u>, 630 F.3d 889, 892-93 (9th Cir. 2011).  However, the court need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  <u>In re Gilead Scis. Sec. Litig.</u>, 536 F.3d 1049, 1055 (9th Cir. 2008) (citation and internal quotation marks omitted).  Although a complaint need not include detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." <u>Cook v. Brewer</u>, 637 F.3d 1002, 1004 (9th Cir. 2011) (citation and internal quotation marks omitted).  A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  <u>Id.</u> (citation and internal quotation marks omitted).

"A document filed <u>pro se</u> is to be liberally construed, and a <u>pro se</u> complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." <u>Woods v. Carey</u>, 525 F.3d 886, 889-90 (9th Cir. 2008) (citations and internal quotation marks omitted).  "[W]e have an obligation where the p[laintiff] is <u>pro se</u>, particularly in civil rights cases, to construe the pleadings liberally and to afford the p[laintiff] the benefit of any doubt." <u>Akhtar v. Mesa</u>, 698 F.3d 1202, 1212 (9th Cir. 2012) (citation and internal quotation marks omitted).

If the court finds the complaint should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend.  <u>Lopez v. Smith</u>, 203 F.3d 1122, 1126-30 (9th Cir. 2000).  Leave to amend should be granted if it appears possible the defects in the complaint could be corrected, especially if

the plaintiff is pro se. Id. at 1130-31; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995). However, if, after careful consideration, it is clear a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato, 70 F.3d at 1107-11; see also Moss v. U.S. Secret Serv., 572 F.3d 962, 972 (9th Cir. 2009).

## IV.
## DISCUSSION

### A. PLAINTIFF FAILS TO SUFFICIENTLY ALLEGE AN EIGHTH AMENDMENT DELIBERATE INDIFFERENCE CLAIM AGAINST ANY DEFENDANT

#### (1) APPLICABLE LAW

Prison officials or private physicians under contract to treat inmates "violate the Eighth Amendment if they are deliberately indifferent to a prisoner's serious medical needs." Peralta v. Dillard, 744 F.3d 1076, 1081 (9th Cir. 2014) (citation, internal quotation marks, and alterations omitted); Farmer v. Brennan, 511 U.S. 825, 828, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994). To assert a deliberate indifference claim, a prisoner plaintiff must show the defendant: (1) deprived him of an objectively serious medical need, and (2) acted with a subjectively culpable state of mind. Wilson v. Seiter, 501 U.S. 294, 297, 111 S. Ct. 2321, 115 L. Ed. 2d 271 (1991).

"A medical need is serious if failure to treat it will result in significant injury or the unnecessary and wanton infliction of pain." Peralta, 744 F.3d at 1081 (citations and internal quotation marks omitted). "A prison official is deliberately indifferent to [a serious medical] need if he knows of and disregards an excessive risk to inmate health." Id. at 1082 (citation and internal quotation marks omitted). The "official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. (citation and internal quotation marks omitted).

1   Deliberate indifference "requires more than ordinary lack of due care." Colwell v. Bannister, 763 F.3d 1060, 1066 (9th Cir. 2014) (citations and internal quotation marks omitted). "Deliberate indifference may appear when prison officials deny, delay, or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Id. (citation and internal quotation marks omitted). In either case, however, the indifference to the inmate's medical needs must be purposeful and substantial – negligence, inadvertence, or differences in medical judgment or opinion do not rise to the level of a constitutional violation. Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004) (negligence constituting medical malpractice is not sufficient to establish an Eighth Amendment violation). Similarly, medical misdiagnosis is insufficient to show deliberate indifference. See McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992) (explaining that negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights), rev'd on other grounds, WMX Tech., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc). A plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances, and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 331 (9th Cir. 1996) (internal citations omitted) cert. denied, 519 U.S. 1029, 117 S. Ct. 584, 136 L. Ed. 2d 514 (1996).

    **(2)**    **CLAIMS AGAINST DEFENDANTS IN THEIR INDIVIDUAL CAPACITY**

To bring a Bivens action against Defendants in their individual capacity, Plaintiff must present facts showing Defendants were directly and personally involved in inflicting the alleged constitutional injury. See Pellegrino v. United States, 73 F.3d 934, 936 (9th Cir. 1996) ("Bivens liability is premised on proof of direct personal responsibility."); Ashcroft v. Iqbal, 556 U.S. 662, 676, 129 S. Ct. 1937, 1948, 173 L. Ed. 2d 868 (2009) ("[A] plaintiff must plead that each

Government-official defendant, through the official's own individual actions, has violated the Constitution.").

Specifically, Plaintiff must present facts that demonstrate the prison officials' indifference to his medical needs was both "purposeful" and "substantial." Ruvalcaba v. City of Los Angeles, 167 F.3d 514, 525 (9th Cir. 1999) (internal citations omitted). Mere negligence does not suffice. Id. Plaintiff must allege facts that show Defendants had actual knowledge their actions put Plaintiff's health at risk or that Defendants refused to provide medical care despite the known risk to Plaintiff's health. See Rogers v. Scribner, No. 105CV00569-AWI-WMW-PC, 2009 WL 1691080, at *6 (E.D. Cal. June 16, 2009). As it stands, Plaintiff's Complaint fails to do either.

In this case, it is unclear whether Plaintiff has actually been diagnosed as HIV positive. Rather, Plaintiff appears to express his mere belief that he is HIV positive. See Dkt. 1, Compl. Furthermore, even assuming Plaintiff is HIV positive, Plaintiff has failed to allege any facts that Defendants had actual knowledge of Plaintiff's diagnosis and refused to provide medical care despite this knowledge. In addition, with respect to defendants Connors, Simpson, or Allen, Plaintiff has not presented any facts these defendants were personally involved in Plaintiff's healthcare. Thus, absent facts demonstrating Plaintiff has been diagnosed as being HIV positive and Defendants knew and purposefully denied treatment for this diagnosis, Plaintiff's deliberate indifference claim against Defendants in their individual capacity fails. See Rogers, 2009 WL 1691080, at *6.

**(3) CLAIMS AGAINST DEFENDANTS IN THEIR OFFICIAL CAPACITY**

To bring a Bivens action against Defendants in their official capacity as medical staff and/or officials at USP Victorville, Plaintiff must allege facts demonstrating Defendants "committed the alleged constitutional violation pursuant to a formal governmental policy or a longstanding practice or custom which constitutes the standard operating procedure" of the governmental entity.

Gillette v. Delmore, 979 F.2d 1342, 1346 (9th Cir. 1992) (internal quotation marks omitted); Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 694, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978); Ting v. United States, 927 F.2d 1504, 1511 (9th Cir. 1991) (following the general trend of incorporating section 1983 law into Bivens suits). Bivens claims brought against government actors in their official capacity cannot be based on a theory of respondeat superior liability. See Iqbal, 556 U.S. at 676. Thus, Plaintiff must provide facts that allege more than Defendants' personal involvement; and instead, Plaintiff must present facts of a government policy, practice, or custom which is: "(1) the cause in fact and (2) the proximate cause of the constitutional deprivation." Trevino v. Gates, 99 F.3d 911, 918 (9th Cir. 1996); Gillette, 979 F.2d at 1346.

In this case, not only has Plaintiff failed to allege sufficient facts of Defendants' personal involvement, but to the extent Plaintiff is attempting to sue Defendants in their official capacity, he has not presented any facts indicating an unconstitutional policy, practice, or custom at USP Victorville. See Gillette, 979 F.2d at 1346; Monell, 436 U.S. at 694. Thus, Plaintiff's deliberate indifference claims against Defendants in their official capacity fails.

## V.
## **LEAVE TO FILE A FIRST AMENDED COMPLAINT**

For the foregoing reasons, the Complaint is subject to dismissal. As the Court is unable to determine whether amendment would be futile, leave to amend is granted. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).

Accordingly, IT IS ORDERED THAT **within twenty-one (21) days** of the service date of this Order Plaintiff may file a First Amended Complaint to attempt to cure the deficiencies discussed above. **The Clerk of Court is directed to mail Plaintiff a blank Central District civil rights complaint form to use for filing the First Amended Complaint, which the Court encourages Plaintiff to use.**

If Plaintiff chooses to file a First Amended Complaint, Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint," it must bear the docket number assigned to this case, and it must be retyped or rewritten in its entirety, preferably on the court-approved form. Plaintiff should clearly state in which capacity, either individual or official, Defendants are being sued. Plaintiff shall not include new defendants or new allegations that are not reasonably related to the claims asserted in the Complaint. In addition, the First Amended Complaint must be complete without reference to the Complaint or any other pleading, attachment, or document.

An amended complaint supersedes the preceding complaint. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). After amendment, the Court will treat all preceding complaints as nonexistent. Id. Because the Court grants Plaintiff leave to amend as to all his claims raised here, any claim raised in a preceding complaint is waived if it is not raised again in the First Amended Complaint. Lacey v. Maricopa Cnty., 693 F.3d 896, 928 (9th Cir. 2012).

The Court advises Plaintiff that it generally will not be well-disposed toward another dismissal with leave to amend if Plaintiff files a First Amended Complaint that continues to include claims on which relief cannot be granted. "[A] district court's discretion over amendments is especially broad 'where the court has already given a plaintiff one or more opportunities to amend his complaint.'" Ismail v. County of Orange, 917 F. Supp.2d 1060, 1066 (C.D. Cal. 2012) (citations omitted); see also Ferdik, 963 F.2d at 1261. Thus, **if Plaintiff files a First Amended Complaint with claims on which relief cannot be granted, the First Amended Complaint will be dismissed without leave to amend and with prejudice.**

///
///
///

1 **Plaintiff is explicitly cautioned that failure to timely file a First**
2 **Amended Complaint will result in this action being dismissed with prejudice**
3 **for failure to state a claim, prosecute and/or obey Court orders pursuant to**
4 **Federal Rule of Civil Procedure 41(b).**

6 Dated: September 29, 2016

*[signature]*

HONORABLE KENLY KIYA KATO
United States Magistrate Judge