UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD CARTER,<br><br>  Plaintiff,<br><br>  v.<br><br>RICHARD IVES, et al.,<br><br>  Defendant(s). | Case No. EDCV 16-1430-JGB (KK)<br><br>ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND |

# I.
# INTRODUCTION

On October 13, 2016, Plaintiff Gerald Carter ("Plaintiff"), proceeding pro se and in forma pauperis, constructively filed[1] a First Amended Complaint ("FAC"). Plaintiff is suing defendants Richard Ives, P.A. Wolverton, Dr. Allen, Simpson, Juan D. Castillo, and Ian Connors ("Defendants") pursuant to Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971) for deliberate indifference to his serious medical needs in violation of the Eighth Amendment. As discussed below, the Court dismisses the FAC with leave to amend for failure to state a claim.

---

[1] Under the "mailbox rule," when a pro se prisoner gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010).

## II.
## **PROCEDURAL HISTORY**

On June 20, 2016, Plaintiff, who is in the custody of the Federal Bureau of Prisons ("BOP") at United States Penitentiary Victorville ("USP Victorville"), filed a Complaint alleging Defendants violated his Eighth Amendment right by failing to treat him for HIV despite his belief he is HIV positive. ECF Docket No. ("Dkt.") 1, Compl. On September 29, 2016, the Court dismissed Plaintiff's original Complaint with leave to amend for failure to state a claim. Dkt. 14, Order.

On October 13, 2016, Plaintiff constructively filed the instant FAC against Defendants in both their official and individual capacities. Dkt. 15, FAC at 3-4. In the FAC, Plaintiff alleges Defendants are failing to provide him with appropriate treatment for his alleged HIV symptoms and fungal diagnosis in violation of the Eighth Amendment. Dkt. 15, FAC.

## III.
## **ALLEGATIONS IN COMPLAINT**

Plaintiff alleges he is HIV positive, yet Defendants refuse to treat him. Id. According to Plaintiff, he is suffering from black fingernails and weight loss, both of which are "symptoms . . . which indicate HIV possitive [sic]." Id. at 2, 15-16. In addition to his physical symptoms, Plaintiff further alleges the mother of his biological son is HIV positive, consequently putting him at a high risk for HIV. Id. at 16.

On October 7, 2013, Plaintiff was tested for HIV by medical staff at USP Victorville. Id. at 10. On November 1, 2013, Plaintiff was shown the results of the HIV test which indicated he was not HIV positive. Id. It was further explained to Plaintiff, based on the results of his HIV test, "[t]here is no medical correlation between [his] fingernail condition and HIV." Id. Despite receiving these results, Plaintiff alleges "the HIV test was not correct or staff have withheld the positive result." Id. at 16.

2

Following his counseling session, Plaintiff filed administrative grievances claiming prison medical officials lied about his HIV results. <u>Id.</u> at 10-13. In the course of exhausting his administrative remedies, Plaintiff received responses from Defendant Richard Ives, the Complex Warden, Defendant Juan D. Castillo, the Regional Director, and Defendant Ian Connors, the Administrator of National Inmate Appeals. <u>Id.</u> at 10, 12, 14. Each of these Defendants informed Plaintiff his concerns had been reviewed as well as his corresponding medical records, but that there is no evidence to indicate Plaintiff is HIV positive or that prison staff have withheld information from Plaintiff. <u>Id.</u>

In addition to filing his administrative grievances, Plaintiff claims he has informed prison medical staff "he is a high risk of HIV," yet Defendants fail to "inquire further" into any of his alleged medical problems. <u>Id.</u> at 21. Specifically, Plaintiff alleges Defendant Simpson, who responded to Plaintiff's "Sick-call request for evaluation by Health Services," failed to take any action after being informed of Plaintiff's alleged HIV symptoms. <u>Id.</u> at 17. Additionally, Defendant PA Wolverton personally told Plaintiff his "fingernails were black, due to fungus," but failed to provide him with "any treatment or suggested care" for the issue. <u>Id.</u> at 17-18. Furthermore, Plaintiff alleges Defendant Dr. Allen, as a medical supervisor, "failed to train or supervise and intervene to protect [him], from potential or actual harm." <u>Id.</u> at 18.

Ultimately, Plaintiff alleges Defendants have been put on notice of Plaintiff's "ongoing medical concern," yet they fail to provide an additional "verified HIV test." <u>Id.</u> at 17-18, 20. Plaintiff asserts Defendants' refusal to provide this test demonstrates an "evasive policy or custom to withhold the possitive [sic] result." <u>Id.</u> at 15, 16.

As a result of the alleged injuries, Plaintiff seeks monetary damages totaling $1,000,000, as well as declaratory and injunctive relief "to obtain from an 'outside' health care giver, an independent test for HIV." <u>Id.</u> at 7.

# IV.
# **STANDARD OF REVIEW**

As Plaintiff is proceeding in forma pauperis, the Court must screen the FAC and is required to dismiss the case at any time if it concludes the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b); see Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).

In determining whether a complaint fails to state a claim for screening purposes, the Court applies the same pleading standard from Rule 8 of the Federal Rules of Civil Procedure ("Rule 8") as it would when evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). See Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012). Under Rule 8(a), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

A complaint may be dismissed for failure to state a claim "where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." Zamani v. Carnes, 491 F.3d 990, 996 (9th Cir. 2007) (quoting Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001)). In considering whether a complaint states a claim, a court must accept as true all of the material factual allegations in it. Hamilton v. Brown, 630 F.3d 889, 892-93 (9th Cir. 2011). However, the court need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008) (quoting Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001)). Although a complaint need not include detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Cook v. Brewer, 637 F.3d 1002, 1004 (9th Cir. 2011) (quoting Ashcroft v. Iqbal, 556

1  U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)).  A claim is facially
2  plausible when it "allows the court to draw the reasonable inference that the
3  defendant is liable for the misconduct alleged."  Cook, 637 F.3d at 1004 (quoting
4  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929
5  (2007)).

6      "A document filed pro se is 'to be liberally construed,' and a 'pro se
7  complaint, however inartfully pleaded, must be held to less stringent standards
8  than formal pleadings drafted by lawyers.'"  Woods v. Carey, 525 F.3d 886, 889-90
9  (9th Cir. 2008) (quoting Erickson v. Pardus, 551 U.S. 89, 127 S. Ct. 2190, 167 L.
10 Ed. 2d 1081 (2007) (per curiam)).  "[W]e have an obligation where the p[laintiff] is
11 pro se, particularly in civil rights cases, to construe the pleadings liberally and to
12 afford the p[laintiff] the benefit of any doubt."  Akhtar v. Mesa, 698 F.3d 1202,
13 1212 (9th Cir. 2012) (quoting Bretz v. Kelman, 773 F.2d 1026, 1027 n. 1 (9th Cir.
14 1985) (en banc)).

15     If the court finds the complaint should be dismissed for failure to state a
16 claim, the court has discretion to dismiss with or without leave to amend.  Lopez v.
17 Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000).  Leave to amend should be granted
18 if it appears possible the defects in the complaint could be corrected, especially if
19 the plaintiff is pro se.  Id. at 1130-31; see also Cato v. United States, 70 F.3d 1103,
20 1106 (9th Cir. 1995).  However, if, after careful consideration, it is clear a complaint
21 cannot be cured by amendment, the court may dismiss without leave to amend.
22 Cato, 70 F.3d at 1107-11; see also Moss v. U.S. Secret Serv., 572 F.3d 962, 972 (9th
23 Cir. 2009).
24 ///
25 ///
26 ///
27 ///
28 ///

# V.

# **DISCUSSION**

## A. PLAINTIFF FAILS TO STATE AN OFFICIAL CAPACITY CLAIM AGAINST ANY DEFENDANT

### (1) APPLICABLE LAW

To bring a <u>Bivens</u> action against Defendants in their official capacity as medical staff and/or officials at USP Victorville, Plaintiff must present facts demonstrating Defendants "committed the alleged constitutional violation pursuant to a formal governmental policy or a 'longstanding practice or custom which constitutes the standard operating procedure'" of the governmental entity. <u>Gillette v. Delmore</u>, 979 F.2d 1342, 1346 (9th Cir. 1992) (quoting <u>Jett v. Dallas Indep. Sch. Dist.</u>, 491 U.S. 701, 737, 109 S. Ct. 2702, 105 L. Ed. 2d 598 (1989)); <u>Monell v. Dep't of Soc. Servs. of City of New York</u>, 436 U.S. 658, 694, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978); <u>Ting v. United States</u>, 927 F.2d 1504, 1511 (9th Cir. 1991) (following the general trend of incorporating section 1983 law into <u>Bivens</u> suits). <u>Bivens</u> claims brought against government actors in their official capacity cannot be based on a theory of <u>respondeat superior</u> liability. See <u>Iqbal</u>, 556 U.S. at 676. Thus, Plaintiff must provide facts that allege more than Defendants' personal involvement; and instead, Plaintiff must present facts of a government policy, practice, or custom which is: "(1) the cause in fact and (2) the proximate cause of the constitutional deprivation." <u>Trevino v. Gates</u>, 99 F.3d 911, 918 (9th Cir. 1996); <u>Gillette</u>, 979 F.2d at 1346.

### (2) ANALYSIS

Here, Plaintiff's claims against Defendants in their official capacity fail because Plaintiff does not identify a policy that was "(1) the cause in fact and (2) the proximate cause of the constitutional deprivation." See <u>Trevino</u>, 99 F.3d at 918. Plaintiff claims Defendants' failure to offer treatment despite their awareness of Plaintiff's alleged HIV symptoms demonstrates "a pattern . . . to establish an

unwritten policy to violate the constitution;" however, this conclusory allegation does not adequately present any specific practice or custom which led to Plaintiff's alleged constitutional deprivation.  FAC at 6; see Kentucky v. Graham, 473 U.S. 159, 166, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985) ("[I]n an official-capacity suit the entity's 'policy or custom' must have played a part in the violation of federal law." (citation omitted)).  Consequently, absent specific allegations of policy or practice, Plaintiff's claims against Defendants in their official capacity must be dismissed.

## B. PLAINTIFF FAILS TO SUFFICIENTLY ALLEGE AN EIGHTH AMENDMENT DELIBERATE INDIFFERENCE CLAIM AGAINST ANY DEFENDANT

### (1) APPLICABLE LAW

Prison officials or private physicians under contract to treat inmates "violate the Eighth Amendment if they are 'deliberately indifferent to a prisoner's serious medical needs.'"  Peralta v. Dillard, 744 F.3d 1076, 1081 (9th Cir. 2014) (quoting Estelle v. Gamble, 429 U.S. 97, 104, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976) (alterations omitted)); Farmer v. Brennan, 511 U.S. 825, 828, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994).  To assert a deliberate indifference claim, a prisoner plaintiff must show the defendant: (1) deprived him of an objectively serious medical need, and (2) acted with a subjectively culpable state of mind.  Wilson v. Seiter, 501 U.S. 294, 297, 111 S. Ct. 2321, 115 L. Ed. 2d 271 (1991).

"A medical need is serious if failure to treat it will result in 'significant injury or the unnecessary and wanton infliction of pain.'"  Peralta, 744 F.3d at 1081 (quoting Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006)).  "A prison official is deliberately indifferent to [a serious medical] need if he 'knows of and disregards an excessive risk to inmate health.'"  Id. at 1082 (quoting Farmer, 511 U.S. at 837).  The "official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  Farmer, 511 U.S. at 837.

Deliberate indifference "requires more than ordinary lack of due care." Colwell v. Bannister, 763 F.3d 1060, 1066 (9th Cir. 2014) (quoting Farmer, 511 U.S. at 835). "Deliberate indifference 'may appear when prison officials deny, delay, or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care.'" Id. (quoting Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988)). In either case, however, the indifference to the inmate's medical needs must be substantial – negligence, inadvertence, or differences in medical judgment or opinion do not rise to the level of a constitutional violation. Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004) (negligence constituting medical malpractice is not sufficient to establish an Eighth Amendment violation); Franklin v. Oregon, State Welfare Div., 662 F.2d 1337, 1344 (9th Cir. 1981) ("A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a deliberate indifference claim."). A plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances, and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 331 (9th Cir. 1996) cert. denied, 519 U.S. 1029, 117 S. Ct. 584, 136 L. Ed. 2d 514 (1996) (citing Williams v. Vincent, 508 F.2d 541, 543–44 (2d Cir. 1974); Farmer, 511 U.S. at 835).

**(2) ANALYSIS**

**a. HIV Claim**

Here, Plaintiff fails to state an Eighth Amendment deliberate indifference claim based on Defendants' alleged failure to treat Plaintiff for HIV. As Plaintiff concedes, Defendants have acknowledged his HIV concerns and administered an HIV test to determine Plaintiff's HIV status in October 2013. FAC at 10. According to Plaintiff's FAC, the results of the HIV test indicated Plaintiff was not HIV positive and, consequently, prison officials informed him there was "no medical correlation between [his] fingernail condition and HIV." Id. Based on

8

1  these facts, it is clear Plaintiff has not been subjected to a purposeful deprivation of
2  medical care.  Prison officials administered an HIV test demonstrating an active
3  course of treatment for Plaintiff's concerns.  Id.  Defendants' decision not to
4  administer or authorize an additional HIV test does not amount to "a conscious
5  disregard of a serious risk of harm."  Toguchi, 391 F.3d at 1059.  While Plaintiff
6  may disagree with the results of the HIV test, his disagreement with prison medical
7  authorities' opinion or course of treatment does not give rise to a deliberate
8  indifference claim.  Franklin, 662 F.2d at 1344.  Accordingly, Plaintiff's deliberate
9  indifference claim based on Defendants' failure to conduct further HIV tests must
10 be dismissed for failure to state a claim.

### b. Fingernail Fungus Claim

To the extent Plaintiff attempts to raise a separate deliberate indifference claim based on Defendants' failure to treat his fingernail fungus, this additional claim also fails.  First, as to Defendants Ives, Castillo, and Connors, Plaintiff has not presented any facts indicating these Defendants were personally involved in the alleged denial of medical care.  Each of these Defendants are prison administrators responsible for responding to Plaintiff's administrative grievances; however, none were involved in Plaintiff's direct medical care.  FAC at 10, 12, 14.  "While 'prison administrators' can be 'liable for deliberate indifference when they knowingly fail to respond to an inmate's request for help,' this theory of liability is viable only if the administrator is reviewing a present need for medical care."  Galik v. Nangalama, No. 2:09-CV-0152 WBS KJN, 2012 WL 3756314, at *12 (E.D. Cal. Aug. 28, 2012) (quoting Jett, 439 F.3d at 1098).  Absent any facts that Plaintiff sought help from Defendants Ives, Castillo, or Connors regarding prison medical personnel's failure to treat his fingernail fungus, Plaintiff's deliberate indifference claim against these three Defendants fail.

As to Defendant Allen, to the extent Plaintiff alleges Defendant Allen's failure "to train or supervise and intervene to protect Plaintiff, from potential or

9

actual harm," is related to his fingernail condition, Plaintiff has failed to allege sufficient facts to state a deliberate indifference claim. FAC at 18. Plaintiff has not presented any facts to demonstrate Defendant Allen was personally involved in the alleged constitutional deprivation or that a sufficient causal connection existed between Defendant Allen's failure to act and the alleged constitutional deprivation. See Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir. 2011) (quoting Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989)). In fact, Plaintiff fails to allege Defendant Allen was even aware of his fingernail condition. Thus, any claims of deliberate indifference against Defendant Allen must be dismissed.

      As to Defendants Wolverton and Simpson, to the extent Plaintiff has alleged Defendants were on notice of Plaintiff's fingernail condition and yet failed to provide any course of treatment, Plaintiff has not stated an Eighth Amendment deliberate indifference claim because he has not presented any facts to establish the fungus constituted a serious medical need that "could 'result in further significant injury' or 'cause the unnecessary and wanton infliction of pain.'" Colwell, 763 F.3d at 1066 (quoting Jett, 439 F.3d at 1096). Indications that a plaintiff has a serious medical need can include "[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." Id. (citation omitted).

      Furthermore, even assuming Plaintiff's fingernail fungus amounts to a "serious medical condition," it is unclear whether Defendants knowingly disregarded the risk to Plaintiff's health by failing to treat the fingernail fungus or whether they simply determined the fungus did not warrant an active course of treatment. Plaintiff does not provide any specific facts other than Defendants' mere failure to provide a course of treatment or "diagnostic solution" to his fingernail ailment. FAC at 26. Therefore, absent any facts to demonstrate the

fingernail fungus constituted a serious medical need that Defendants consciously disregarded, Plaintiff's deliberate indifference claim must be dismissed.

## VI.
## **LEAVE TO FILE A SECOND AMENDED COMPLAINT**

For the foregoing reasons, the FAC is subject to dismissal. While the Court is doubtful that Plaintiff can state a cognizable claim, because the Court is unable to determine whether amendment would be futile, leave to amend is granted. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam). Accordingly, IT IS ORDERED THAT **within twenty-one (21) days** of the service date of this Order, Plaintiff choose one of the following two options:

1. Plaintiff may file a Second Amended Complaint to attempt to cure the deficiency discussed above. **The Clerk of Court is directed to mail Plaintiff a blank Central District civil rights complaint form to use for filing the Second Amended Complaint.**

If Plaintiff chooses to file a Second Amended Complaint, Plaintiff must clearly designate on the face of the document that it is the "Second Amended Complaint," it must bear the docket number assigned to this case, and it must be retyped or rewritten in its entirety, preferably on the court-approved form. Plaintiff shall not include new defendants or new allegations that are not reasonably related to the claims asserted in the FAC. In addition, the Second Amended Complaint must be complete without reference to the FAC, or any other pleading, attachment, or document.

An amended complaint supersedes the preceding complaint. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). After amendment, the Court will treat all preceding complaints as nonexistent. Id. Because the Court grants Plaintiff leave to amend as to all his claims raised here, any claim raised in a preceding complaint is waived if it is not raised again in the Second Amended Complaint. Lacey v. Maricopa Cnty., 693 F.3d 896, 928 (9th Cir. 2012).

11

2. Alternatively, Plaintiff may voluntarily dismiss the action without prejudice, pursuant to Federal Rule of Civil Procedure 41(a). **The Clerk of Court is directed to mail Plaintiff a blank Notice of Dismissal Form, which the Court encourages Plaintiff to use.**

The Court advises Plaintiff that it generally will not be well-disposed toward another dismissal with leave to amend if Plaintiff files a Second Amended Complaint that continues to allege insufficient facts to state a claim. "[A] district court's discretion over amendments is especially broad where the court has already given a plaintiff one or more opportunities to amend his complaint." Ismail v. County of Orange, 917 F. Supp. 2d 1060, 1066 (C.D. Cal. 2012) (quoting DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 n. 3 (9th Cir. 1987)); see also Ferdik, 963 F.2d at 1261.

**Plaintiff is explicitly cautioned that failure to timely file a Second Amended Complaint will result in this action being dismissed with prejudice for failure to state a claim, prosecute, and/or obey Court orders pursuant to Federal Rule of Civil Procedure 41(b).**

Dated: November 09, 2016

*[signature]*

HONORABLE KENLY KIYA KATO
United States Magistrate Judge