UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD CARTER,<br><br>                              Plaintiff,<br><br>                    v.<br><br>RICHARD IVES, ET AL.,<br><br>                              Defendants. | Case No. EDCV 16-1430-JGB (KK)<br><br><br>ORDER DISMISSING SECOND AMENDED COMPLAINT WITH LEAVE TO AMEND |

## I.

## __INTRODUCTION__

Plaintiff Gerald Carter ("Plaintiff") filed a pro se Second Amended Complaint ("SAC") pursuant to Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971) against defendants Richard Ives, P.A. Wolverton, Dr. Allen, Mr. Simpson, Juan D. Castillo, and Ian Connors ("Defendants") in their individual and official capacities for deliberate indifference to his serious medical needs in violation of the Eighth Amendment.  As discussed below, the Court dismisses the SAC with leave to amend.

///

///

///

## II.

## __PROCEDURAL HISTORY__

On June 20, 2016, Plaintiff, an inmate in the custody of the Federal Bureau of Prisons ("BOP") at United States Penitentiary Victorville ("USP Victorville"), constructively filed[1] a Complaint alleging Defendants violated his Eighth Amendment right by failing to treat him for Human Immunodeficiency Virus ("HIV"). ECF Docket No. ("Dkt.") 1, Compl. Though Plaintiff expressed his personal belief he was HIV positive, it was unclear from the Complaint whether Plaintiff had actually been diagnosed and whether prison officials knew about the alleged diagnosis. Id. Thus, on September 29, 2016, the Court dismissed Plaintiff's original Complaint with leave to amend for failure to state a claim. Dkt. 14, Order.

On October 13, 2016, Plaintiff constructively filed a First Amended Complaint ("FAC") against Defendants in both their official and individual capacities. Dkt. 15, FAC at 3-4. In the FAC, Plaintiff alleged Defendants failed to provide him with appropriate treatment for his alleged HIV and fungal diagnosis in violation of the Eighth Amendment. Id. at 3-6. Plaintiff, however, appeared to concede he had never been diagnosed as HIV positive. See id. at 10, 11, 13, 15-17, 25. In fact, Plaintiff conceded Defendants had administered an HIV test, and the results were negative. See id. Thus, on November 9, 2016, the Court again dismissed Plaintiff's FAC with leave to amend for failure to state a claim and granted Plaintiff until November 30, 2016 to file a SAC. Dkt. 16, Order.

On November 29, 2016, Plaintiff filed a request for an extension of time to file a SAC. Dkt. 17, Request. On December 7, 2016, the Court granted Plaintiff's request, allowing Plaintiff until January 10, 2017 to file a SAC. Dkt. 18, Order.

---

[1] Under the "mailbox rule," when a pro se prisoner gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010).

On January 25, 2017, the Court issued a Report and Recommendation ("Report") that the matter be dismissed for failure to prosecute and to comply with court orders.  Dkt. 19.  On February 6, 2017, Plaintiff filed Objections to the Report claiming he mailed a SAC on January 6, 2017.  Dkt. 21.  Hence, on February 24, 2017, the Court vacated its Report and ordered Plaintiff file a SAC no later than March 24, 2017.  Dkt. 22.

On March 23, 2017, the Court received a request for an extension of time to file a SAC from Plaintiff.  Dkt. 23.  The Court granted Plaintiff's request and ordered the SAC filed by April 27, 2017.  Dkt. 24.  On May 3, 2017, the Court issued a Report and Recommendation that the matter be dismissed for failure to prosecute and to comply with court orders.[2]  Dkt. 25.

On April 25, 2017, Plaintiff constructively filed the instant SAC.

### III.

### ALLEGATIONS IN THE SAC

In the SAC, Plaintiff alleges Defendants have failed to treat him for his "serious medical issue."  Dkt. 27, SAC at 5.  Plaintiff alleges he "knows his health is getting worse[] as time goes on;" yet, he is not receiving any treatment.  Id.  Plaintiff additionally claims he cannot "hold [] food [i]n his stomach," and he must "use the restroom [during] every meal."  Id.  Plaintiff alleges Defendants are "aware of the serious medical issue" and that he "spoke to medical about these serious medical issue[s], [but] they refuse to treat the ailment."  Id.  Plaintiff claims "Defend[]ants can not argue they did not know about the complaints that [he] made to the medical department and to them."  Dkt. 27-2 at 1.

As a result of his injuries, Plaintiff is seeking "declaratory, monetary, [and] punitive damages" for "a total of $1,000,000.00"; and injunctive relief to obtain from an outside health care giver an independent test for HIV."  Dkt. 27 at 6.

---

[2] As Plaintiff has filed a SAC, the Court will vacate the May 3, 2017 Report and Recommendation.

Plaintiff requests the Court grant his "civil rights complaint facts about [his] HIV-AIDS that is pending in [] this honorable court." Dkt. 27-1 at 1.

## IV.

## STANDARD OF REVIEW

As Plaintiff is proceeding in forma pauperis, the Court must screen the SAC and is required to dismiss the case at any time if it concludes the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b); see Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).

In determining whether a complaint fails to state a claim for screening purposes, the Court applies the same pleading standard from Rule 8 of the Federal Rules of Civil Procedure ("Rule 8") as it would when evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). See Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012). Under Rule 8(a), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

A complaint may be dismissed for failure to state a claim "where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." Zamani v. Carnes, 491 F.3d 990, 996 (9th Cir. 2007) (citation omitted). In considering whether a complaint states a claim, a court must accept as true all of the material factual allegations in it. Hamilton v. Brown, 630 F.3d 889, 892-93 (9th Cir. 2011). However, the court need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008) (citation omitted). Although a complaint need not include detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Cook v. Brewer, 637 F.3d

4

1002, 1004 (9th Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)).  A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Cook, 637 F.3d at 1004 (citation omitted).

"A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  Woods v. Carey, 525 F.3d 886, 889-90 (9th Cir. 2008) (citation omitted).  "[W]e have an obligation where the p[laintiff] is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the p[laintiff] the benefit of any doubt."  Akhtar v. Mesa, 698 F.3d 1202, 1212 (9th Cir. 2012) (citation omitted).

If the court finds the complaint should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend.  Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000).  Leave to amend should be granted if it appears possible the defects in the complaint could be corrected, especially if the plaintiffs are pro se.  Id. at 1130-31; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995).  However, if, after careful consideration, it is clear a complaint cannot be cured by amendment, the court may dismiss without leave to amend.  Cato, 70 F.3d at 1107-11; see also Moss v. U.S. Secret Serv., 572 F.3d 962, 972 (9th Cir. 2009).

## V.

## DISCUSSION

**A.  PLAINTIFF FAILS TO STATE AN OFFICIAL CAPACITY CLAIM AGAINST ANY DEFENDANT**

**(1)  APPLICABLE LAW**

To bring a Bivens action against Defendants in their official capacity as medical staff and/or officials at USP Victorville, Plaintiff must present facts demonstrating Defendants "committed the alleged constitutional violation

5

pursuant to a formal governmental policy or a 'longstanding practice or custom which constitutes the standard operating procedure'" of the governmental entity. Gillette v. Delmore, 979 F.2d 1342, 1346 (9th Cir. 1992) (quoting Jett v. Dallas Indep. Sch. Dist., 491 U.S. 701, 737, 109 S. Ct. 2702, 105 L. Ed. 2d 598 (1989)); Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 694, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978); Ting v. United States, 927 F.2d 1504, 1511 (9th Cir. 1991) (following the general trend of incorporating section 1983 law into Bivens suits). Bivens claims brought against government actors in their official capacity cannot be based on a theory of respondeat superior liability. See Iqbal, 556 U.S. at 676. Thus, Plaintiff must provide facts that allege more than Defendants' personal involvement; and instead, Plaintiff must present facts of a government policy, practice, or custom which is: "(1) the cause in fact and (2) the proximate cause of the constitutional deprivation." Trevino v. Gates, 99 F.3d 911, 918 (9th Cir. 1996); Gillette, 979 F.2d at 1346.

> **(2)   ANALYSIS**

Here, Plaintiff's claims against Defendants in their official capacity fail because Plaintiff does not identify a policy, practice, or custom that was "(1) the cause in fact and (2) the proximate cause of the constitutional deprivation." See Trevino, 99 F.3d at 918. Thus, absent specific allegations identifying a policy, practice, or custom that caused Defendants to be deliberately indifferent to a serious medical need, Plaintiff fails to state a claim against any Defendant in their official capacity.

**B.   PLAINTIFF FAILS TO ALLEGE AN EIGHTH AMENDMENT DELIBERATE INDIFFERENCE CLAIM AGAINST ANY DEFENDANT**

> **(1)   APPLICABLE LAW**

Prison officials or private physicians under contract to treat inmates "violate the Eighth Amendment if they are 'deliberately indifferent to a prisoner's serious

medical needs.'" <u>Peralta v. Dillard</u>, 744 F.3d 1076, 1081 (9th Cir. 2014) (quoting <u>Estelle v. Gamble</u>, 429 U.S. 97, 104, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976) (alterations omitted)); <u>Farmer v. Brennan</u>, 511 U.S. 825, 828, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994). To assert a deliberate indifference claim, a prisoner plaintiff must show the defendant: (1) deprived him of an objectively serious medical need, and (2) acted with a subjectively culpable state of mind. <u>Wilson v. Seiter</u>, 501 U.S. 294, 297, 111 S. Ct. 2321, 115 L. Ed. 2d 271 (1991).

"A medical need is serious if failure to treat it will result in 'significant injury or the unnecessary and wanton infliction of pain.'" <u>Peralta</u>, 744 F.3d at 1081 (quoting <u>Jett v. Penner</u>, 439 F.3d 1091, 1096 (9th Cir. 2006)). "A prison official is deliberately indifferent to [a serious medical] need if he 'knows of and disregards an excessive risk to inmate health.'" <u>Id.</u> at 1082 (quoting <u>Farmer</u>, 511 U.S. at 837). The "official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." <u>Farmer</u>, 511 U.S. at 837.

Deliberate indifference "requires more than ordinary lack of due care." <u>Colwell v. Bannister</u>, 763 F.3d 1060, 1066 (9th Cir. 2014) (quoting <u>Farmer</u>, 511 U.S. at 835). "Deliberate indifference 'may appear when prison officials deny, delay, or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care.'" <u>Id.</u> (quoting <u>Hutchinson v. United States</u>, 838 F.2d 390, 394 (9th Cir. 1988)). In either case, however, the indifference to the inmate's medical needs must be substantial – negligence, inadvertence, or differences in medical judgment or opinion do not rise to the level of a constitutional violation. <u>Toguchi v. Chung</u>, 391 F.3d 1051, 1060 (9th Cir. 2004) (negligence constituting medical malpractice is not sufficient to establish an Eighth Amendment violation).

///
///

7

**(2)    ANALYSIS**

Here, Plaintiff fails to state an Eighth Amendment deliberate indifference claim based on Defendants' alleged failure to treat Plaintiff for his serious medical issues related to his inability to "hold [] food [i]n his stomach." SAC at 5. In the instant SAC, Plaintiff relies on vague, conclusory allegations that Defendants are aware of his "serious medical issue"; yet, they "refuse to treat the ailment," "never . . . check on the issue," and "d[o] not look at this issue as serious." Id. at 3-5. However, Plaintiff does not provide any facts identifying when or who he specifically told about his serious medical issue, what details he provided regarding his symptoms, and what actions Defendants did or did not take. Absent specific facts to show Defendants knew Plaintiff was unable to keep food in his stomach, and yet continued to deny him medical care, Plaintiff's deliberate indifference claim fails. See Peralta, 744 F.3d at 1082; Iqbal, 556 U.S. at 679 (holding Plaintiffs must provide facts to "permit the court to infer more than the mere possibility of misconduct").

## VI.

## LEAVE TO FILE A THIRD AMENDED COMPLAINT

For the foregoing reasons, the SAC is subject to dismissal. As the Court is unable to determine whether amendment would be futile, leave to amend is granted. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).

Accordingly, IT IS ORDERED THAT **within twenty-one (21) days** of the service date of this Order, Plaintiff choose one of the following two options:

1.    Plaintiff may file a Third Amended Complaint to attempt to cure the deficiencies discussed above. **The Clerk of Court is directed to mail Plaintiff a blank Central District civil rights complaint form to use for filing the Third Amended Complaint, which the Court encourages Plaintiff to use.**

If Plaintiff chooses to file a Third Amended Complaint, Plaintiff must clearly designate on the face of the document that it is the "Third Amended Complaint," it must bear the docket number assigned to this case, and it must be retyped or rewritten in its entirety, preferably on the court-approved form. Plaintiff shall not include new defendants or new allegations that are not reasonably related to the claims asserted in the SAC. In addition, the Third Amended Complaint must be complete without reference to the SAC or any other pleading, attachment, or document.

An amended complaint supersedes the preceding complaint. <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1262 (9th Cir. 1992). After amendment, the Court will treat all preceding complaints as nonexistent. <u>Id.</u> Because the Court grants Plaintiff leave to amend as to all his claims raised here, any claim raised in a preceding complaint is waived if it is not raised again in the Third Amended Complaint. <u>Lacey v. Maricopa Cnty.</u>, 693 F.3d 896, 928 (9th Cir. 2012).

2.      Alternatively, Plaintiff may voluntarily dismiss the action without prejudice, pursuant to Federal Rule of Civil Procedure 41(a). **The Clerk of Court is directed to mail Plaintiffs a blank Notice of Dismissal Form, which the Court encourages Plaintiffs to use.**

The Court advises Plaintiff that it generally will not be well-disposed toward another dismissal with leave to amend if Plaintiff files a Third Amended Complaint that continues to include claims on which relief cannot be granted. "[A] district court's discretion over amendments is especially broad 'where the court has already given a plaintiff one or more opportunities to amend his complaint.'" <u>Ismail v. County of Orange</u>, 917 F. Supp.2d 1060, 1066 (C.D. Cal. 2012) (citations omitted); <u>see also</u> <u>Ferdik</u>, 963 F.2d at 1261. Thus, **if Plaintiff files a Third Amended Complaint with claims on which relief cannot be granted, the Third Amended Complaint will be dismissed without leave to amend and with prejudice.**

9

1       **Plaintiff is explicitly cautioned that failure to timely file a Third**

2 **Amended Complaint will result in this action being dismissed with prejudice**

3 **for failure to state a claim, prosecute and/or obey Court orders pursuant to**

4 **Federal Rule of Civil Procedure 41(b).**

5

6 Dated: May 30, 2017

                                                     _____

7                                                    HONORABLE KENLY KIYA KATO
United States Magistrate Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28